AULTMAN & TAYLOR COMPANY V. FRED P. FINCK ET AL.

FILED APRIL 11, 1893. No. 4899.

Contracts: FALSE REPRESENTATIONS: EVIDENCE: REVIEW. This cause involving only the question whether or not, justifiably relying upon the representations of plaintiff's agent as to the contents of a written contract, the defendants signed the same, and whether or not said representations were false, the verdict of the jury in favor of the defendants will not be disturbed.

ERROR from the district court of Richardson county. Tried below before APPELGET, J.

*C. Gillespie* and *Edwin Falloon*, for plaintiff in error.

*Frank Martin, contra.*

RYAN, C.

This suit was brought by the plaintiff in error to recover of the defendants in error the sum of six hundred dollars for their failure to settle for an engine in accordance with the terms of a written contract, made a part of the plaintiff's petition. By the terms of this writing the defendants were to deliver to plaintiff an old engine of which they were the owners and execute notes to aggregate amount of eleven hundred dollars.

The answer alleges that the defendants are not able to understand the English language sufficiently well to read the contract in question; that the agent of plaintiff who prevailed upon them to affix their signatures thereto did so by misrepresenting to them the terms of said contract which they were asked to sign; that the warranty given by plaintiff's agent to defendants in respect to said engine was that the engine to be furnished by plaintiff would operate the threshing machine of defendants better than the engine which defendants already had and were using—if not, defendants were not to pay for the new engine; that having reached this agreement plaintiff's agent said to defendants that it would be necessary for them to sign an order for the engine and presented to defendants a paper which plaintiff's agents represented contained the terms agreed upon as above set forth, and the defendants, relying upon said representations, signed said paper; that upon due trial had of the new engine it did not meet the requirements of the above warranty and defendants refused to accept and settle for the same. To these defenses there was a reply in general denial of the above averments. The warranty actually printed in the contract to which the signatures were affixed was radically different from that recited in defendants' answer. The printed warranty was that the "engine is capable of supplying as much power as any engine of the same horse-power made in the United States, and that it is constructed of first-class material throughout." This was conditioned, however, upon notice of failure to work as required being sent to plaintiff by registered letter, etc.

It is not necessary to state the manner in which the questions considered arose, for, as is evident from the pleadings, the main controversy was as to the correctness of defendants' averments as to the execution of the contract sued upon. That there may be no misunderstanding of the history of these transactions, it is proper to say that the

Aultman v. Finck.

·evidence shows that the new engine was taken to the defendants and attached to the separator and failed to work as well as the old engine had done—defendants claiming that the failure was due to general inefficiency of the engine—plaintiff's witnesses excusing the failure as being attributable to only the want of a proper pulley which could easily have been supplied and to improper feeding of the threshing machine, the alleged fault of defendants. At any rate the defendants refused to receive the engine and it was soon thereafter taken away by plaintiff's agent and sold at a less price than that which it is claimed defendants were to pay, hence this action in the main for the difference.

There was evidence that defendants were Germans, who did not understand the meaning of the language of the printed contract ; that there was within reach no one better qualified in this respect than themselves, except plaintiff's agent, who misrepresented the terms of said printed contract, as to the alleged warranty ; that deceived by these misrepresentations defendants affixed their signatures to the printed contract. This was denied by plaintiff's agent, who insisted that before the printed contract was signed he read to the defendants the dates, description of the engine, and the warranty which was in the printed contract as above recited, and with which there is no claim of compliance. The matters in controversy were submitted to the jury upon competent evidence and correct instructions tested by the principles laid down in *Cole Bros. v. Williams,* 12 Neb., 440, and the verdict sustained the defenses set up in the answer. The judgment of the district court must therefore be

AFFIRMED.

THE other commissioners concur.