MIKE WARD v. SPELTS & KLOSTERMAN.

FILED MARCH 21, 1894.    NO. 5306.

1. A contract for the sale and delivery of corn at a time, place, and price therein mentioned is not wanting in mutuality because it is signed by only the vendor.   By the acceptance of such contract by the vendee therein he becomes bound to accept and pay for the corn on its delivery as therein provided, as much so as if he signed the agreement, and it provided in express terms that he would accept and pay for the corn on its delivery.

2. Breach of Contract: ACTION FOR DAMAGES: ESTOPPEL: INSTRUCTIONS.   In a suit for damages for failure of the defendant to deliver 3,000 bushels of corn to the plaintiff as per the terms of a written contract, the defendant pleaded, and his evidence tended to show, that he contracted with the plaintiff's agent to deliver the plaintiff sufficient corn, at twenty-three and one-half cents per bushel, to amount to $52.50; that he, the defendant, could neither read nor write; that plaintiff's agent reduced the contract to writing, and fraudulently inserted in said contract 3,000 bushels; and that defendant, supposing the writing embodied the contract actually made with the agent, signed it by making his mark.   In such suit between the original parties to said contract the court instructed the jury as follows: "The defendant having admitted signing the contract under which the plaintiff claims, before he can avoid said written contract on the ground of fraud practiced upon him because he could not read it, he must satisfy you that he was not negligent or careless in affixing his signature by mark to said writing;

and that if he made his mark thereto without asking to have the contents read to him or to be told what the contents of the writing were, but so affixed his signature thereto on request of plaintiff's agent without anything further being said or done to induce him to sign it, then in that case he should be held to have duly made said contract and should be bound by the terms thereof." *Held,* (1) That the defendant's negligence or carelessness in affixing his signature or mark to the contract did not estop him from denying his liability thereon; (2) that if the written contract which he signed embraced the contract which he made, he was liable upon it, and if it did not embrace the contract which he made, he was not liable thereon; (3) that the instruction was erroneous.

3. Contracts: FAILURE TO SIGN: ESTOPPEL. The doctrine that the carelessness or negligence of a party in signing a writing estops him from afterwards disputing the contents of such writing, is not applicable in a suit thereon between the original parties thereto, where the defense is that such writing, by reason of fraud, does not embrace the contract actually made.

ERROR from the district court of Seward county. Tried below before BATES, J.

*Norval Bros. & Lowley,* for plaintiff in error, contending that the contract lacks mutuality, cited: Bishop, Contracts, secs. 77, 78, 153; *Mason v. Decker,* 72 N. Y., 595.

*Steele Bros., contra,* in support of the contract, cited: *Homan v. Steele,* 18 Neb., 652; Biglow, Estoppel, p. 684, and cases cited; *Justice v. Lang,* 42 N. Y., 493; *Weightman v. Caldwell,* 4 Wheat. [U. S.], 84; *Ives v. Hazard,* 4 R. I., 27.

RAGAN, C.

Spelts & Klosterman sued Mike Ward in the district of Seward county for damages for his failure to deliver to them three thousand bushels of corn, in pursuance of a contract in words and figures as follows:

"In consideration of $50 this day to me in hand paid by Spelts & Klosterman, and interest thereon at ten per

cent per annum until fulfillment of this contract, I hereby sell and convey unto the said Spelts & Klosterman 3,000 bushels of good, sound, dry, shelled corn at 23½ cents a bushel, the same being now on a certain quarter section of land, and agree to deliver the same in good order at Ulysses, Nebraska, at buyer's option, in the months of July and August, A. D. 1890.  Dated this 31st day of June, 1890.

his<br>"MIKE × WARD."<br>mark.

Spelts & Klosterman pleaded that they had on the date of the execution of said writing paid Ward the $50; that Ward had delivered them only 250 bushels of corn; that they had demanded of Ward a delivery of the corn pursuant to said contract; that he had failed and refused to deliver; and that the corn, at the time and place it should have been delivered, was worth forty cents a bushel, and by reason of Ward's failure to comply with the agreement they had been damaged.  Ward's defense, so far as material here, was that on the 1st day of July, 1890, he received from Spelts & Klosterman $52.50 in money, and at that time he agreed to sell and deliver to them, at twenty-three and one-half cents per bushel, sufficient corn to repay said money, and that he further agreed that if he had any other grain to spare he would sell the same to Spelts & Klosterman at the same price; that the agent of Spelts & Klosterman made a memorandum in writing, which he, Ward, supposed embraced the contract between him and Spelts & Klosterman and was his receipt for the money he had received of them; that said agent presented the memorandum to him, Ward, and informed him that it embraced the agreement to deliver sufficient grain to pay the $52.50 and any other grain that Ward might be able to spare; that he, Ward, could neither read nor write, and was induced to and did sign said memorandum believing the contract embraced the agreement actually made between him and Spelts & Klosterman.  The case was tried to a jury

and a verdict returned against Ward; and he brings the judgment rendered on such verdict here for review.

1. The first assignment of error relates to the memorandum or contract sued on and quoted above. The objection urged to this memorandum or agreement is that by it Spelts & Klosterman were not bound to do anything and that therefore, as a contract, it lacks mutuality. The agreement recites that in consideration of $50 received from Spelts & Klosterman, Ward had sold them 3,000 bushels of corn, which he agreed to deliver at a future date. Spelts & Klosterman having accepted this agreement, became bound to accept and pay for the corn on its delivery as therein provided, as much so as if the agreement had, in express terms, provided that they would accept and pay for the corn at the time and place and at the price named. The agreement was not wanting in mutuality. By the contract Ward agreed to deliver the corn to the persons with whom he made this agreement, and because of their acceptance of the agreement the law raised a promise on their part to accept and pay for the corn when delivered according to the contract. (*Justice v. Lang,* 42 N. Y., 493; *Weightman v. Caldwell,* 4 Wheat. [U. S.], 84.)

2. The second error alleged is the giving by the court to the jury of an instruction as follows: "The defendant having admitted signing the contract under which the plaintiff claims, before he can avoid said written contract on the ground of fraud practiced upon him, because he could not read it, he must satisfy you that he was not negligent or careless in affixing his signature by mark to said writing, and that if he made his mark thereto without asking to have the contents read to him or to be told what the contents of the writing were, but so affixed his signature thereto on request of plaintiff's agent without anything further being said or done to induce him to sign it, then in that case he should be held to have duly made said contract and should be bound by the terms thereof." The princi-

pal question litigated in the case was whether the contract
sued on was the contract made between Ward and Spelts
& Klosterman through their agent.   The testimony offered
by Ward tended to prove that he could neither read nor
write; that he contracted with Spelts & Klosterman to de-
liver them, not 3,000 bushels of corn, but a sufficient
quantity to amount to $52.50 at twenty-three and one-half
cents per bushel, and more corn at the same price if he as-
certained he could spare it.   It was not disputed that the
agent of Spelts & Klosterman wrote the contract sued on,
and that Ward signed it by making his mark.   The in-
struction complained of told the jury, in effect, that if the
agent of Spelts & Klosterman practiced a fraud on Ward
by putting into writing a different contract from the one
actually made, then, if Ward signed such contract at the
request of the agent, without asking to have the contract
read to him, that he was bound by it.   This instruction
was erroneous.   The suit on this contract is between the
original parties thereto, and Ward is liable for damages for
his failure to perform the contract he made, not for his
failure to perform the contract he did not make; but, by
the instruction given, the jury are told that if he neglected
to have this contract read over to him he is bound by it,
simply because he signed it.   Suppose that Ward had con-
tracted to sell Spelts & Klosterman 3,000 bushels of
grain at twenty-three and one-half cents per bushel, and that
the agent had drawn up the contract and made it read 3,000
bushels of corn at three cents per bushel, and that Ward
had been able to read and write and had signed the con-
tract, supposing that the agent had drawn it correctly.   Can
it be true that because Ward was careless or negligent in
not reading the contract for himself that the party who
thus perpetrated a fraud upon him could take advantage of
that fraud?   Ward's negligence or carelessness in affixing
his signature or mark to this contract has nothing what-
ever to do with his liability on it.   If the written contract

which he signed embraced the contract which he made, he
is liable upon it.   If it does not embrace the contract he
made, he is not liable.  (*State Ins. Co. v. Jordan*, 29 Neb.,
514.)   But it is said that this instruction was copied from
an instruction found in *Cole Brothers v. Williams*, 12 Neb.,
440, and that the instruction copied from has been ap-
proved by this court.   In that case one Williams sued Cole
Brothers & Hart for a bill of goods.   Cole Brothers &
Hart filed a set-off for $404 for putting lightning rods on
the house of Williams in pursuance of a written order at-
tached to their answer.   To this answer Williams replied
that he made a contract with the agent of Cole Brothers &
Hart, by which they agreed to put lightning rods on his
property at a cost of $100, and thereafter this agent presented
a writing to him to sign, informing him that it contained di-
rections to the agent's principal as to the manner of putting
up the lightning rods; that he did not see very well; that his
glasses were not at hand, and that he did not read the mem-
orandum or order, but signed it, relying upon its embody-
ing the contract as made between him and the agent.
Williams recovered a judgment in the district court and
Cole Brothers & Hart brought the case to this court and
assigned that the trial court erred in instructing the jury
as follows: "If the plaintiff signed such paper, knowing
its contents, or having the means of making himself
acquainted with the contents therewith, which he declined
or neglected to use, then he is bound by its stipulation."
Other instructions were given which were also excepted to
by Cole Brothers & Hart.   The writer of the opinion does
say: "These two instructions, taken together, very fairly
express the law applicable to the inquiry before the jury."
But the most casual reading of the opinion in that case
will show that the conclusion arrived at did not depend
upon the correctness or the incorrectness of the instruction
quoted.   The instruction was erroneous, but it was not
prejudicial to Cole Brothers & Hart.   The error in the in-

struction was only prejudicial to Williams.   The doctrine, that the carelessness or negligence of a party in signing a writing estops him from afterwards disputing the contents of such writing, is not applicable in a suit thereon between the original parties thereto when the defense is that such writing, by reason of fraud, does not embrace the contract actually made.   In the case at bar counsel for defendants in error insist that even if the instruction complained of was erroneous, still the case should not be reversed, because they say that under the evidence the jury could have reached no other conclusion than that the contract is and was the contract made between Ward and Spelts & Klosterman.   In other words, counsel contend that had the jury found a verdict in Ward's favor, the trial court would have been compelled to set it aside as unsupported by the evidence.   We do not desire to express any opinion on the weight of the evidence or the credibility of the witnesses or any of them; but the trouble with the contention of counsel is that by the instruction complained of the jury, if it obeyed such instruction, was compelled to find a verdict against Ward.   The judgment of the district court must be reversed and the cause remanded for a new trial, and it is so ordered.

REVERSED AND REMANDED.

POST, J., not sitting.