.WOODBRIDGE BROTHERS V. H. A. DE WITT ET AL.

FILED MARCH 17, 1897. No. 7096.

1. **Replevin: PLEADING: PROOF.** The ordinary rules of pleading do not apply in replevin. A party may prove fraud under general allegations of ownership and right of possession.

2. ———: ———: ———: **INTERVENTION.** The foregoing rule applies equally to intervenors in a replevin suit.

3. **Estoppel: WRITING: DECEIT.** The doctrine that the negligence of a party in signing a writing estops him from afterwards urging that it does not contain the true agreement of the parties is not applicable in a suit between the original parties thereto or their privies, where the party seeking enforcement practiced fraud or deception in order to induce the other to sign without reading.

4. **Rulings on Evidence: REVIEW.** An assignment that the court erred in permitting the introduction of evidence must specifically designate the ruling complained of.

ERROR from the district court of Douglas county. Tried below before WALTON, J. *Affirmed.*

*John O. Yeiser*, for plaintiffs in error.

*I. J. Dunn, contra.*

IRVINE, C.

This was an action in replevin by Woodbridge Bros. against H. A. De Witt to recover possession of a piano to which the plaintiffs claimed title under a so-called lease, which was more properly a contract of sale reserving title in the vendors until full payment should be made, with a right to take possession on default of payment. The property was taken under the writ and delivered to the plaintiffs. H. A. De Witt made no appearance. Pauline De Witt intervened, claiming ownership and right of possession in herself. The suit was brought before a justice of the peace, resulting in judgment in her favor. The plaintiffs appealed to the district court,

where a trial to a jury again resulted in a judgment in Pauline De Witt's favor, and the plaintiffs prosecute error to this court.

Plaintiffs in the first place contend that the district court erred in overruling their motion to strike the intervenor's answer from the files because it presented an issue not tried before the justice. The petition of intervention before the justice alleged generally that the intervenor was the owner of the property; that she had paid therefor in full; that she was entitled to the possession thereof, and that H. A. De Witt was not the owner and claimed no interest therein. In the district court she alleged in addition that the lease under which plaintiffs claim was procured by false representations made by plaintiffs to the mother of H. A. De Witt, who acted as his agent, to the effect that the lease was only a matter of form, and that no interest would be charged on the purchase price. Further, she alleged that Mrs. De Witt had no authority to execute the lease on behalf of H. A. De Witt in such manner as to charge him with interest. We think the pleadings in the district court present no departure from the issues before the justice. The rules of pleading in replevin cases are specially provided by statute and constitute an exception to the ordinary rules governing other cases. It is sufficient for the plaintiff to allege generally ownership and right of possession in himself. A denial of these averments is generally a sufficient answer to admit evidence of any character defeating the plaintiffs' right of possession, and under issues so made the parties may prove fraud. (*Phœnix Iron Works Co. v. McEvony*, 47 Neb., 228, and cases there cited.) If as between the original parties fraud may be proved under such general averments, there is no reason why an intervenor should be held to greater strictness in pleading. Fraud in procuring the contract of lease or conditional sale was therefore admissible under the petition of intervention before the justice, and pleading the fraud specifically in the district court did not inject a new issue. It

simply restricted the pleader to the proof of certain facts which might have been proved under more general allegations.

It is next assigned that the verdict is not supported by the evidence. The evidence on behalf of the intervenor tends to show that Mrs. De Witt, Pauline De Witt, and the latter's sister resided together. H. A. De Witt was the son of Mrs. De Witt, and brother of Pauline. Some negotiations had taken place for the sale of a piano, and it seems, although the evidence is not conclusive, that H. A. De Witt was to become the responsible purchaser. He authorized his mother to select the piano, and we think the evidence is such as to conclusively show that she was generally authorized to purchase it on his behalf. She went to the place of business of Woodbridge Bros., selected a piano, and agreed to pay therefor $250 in monthly installments of $10 each. No interest was to be charged on the unpaid purchase money. After the negotiations were completed, and as they were about to leave the store, a member of the plaintiff firm presented Mrs. De Witt with a written instrument and requested her to sign it. In the language of the witness he told Mrs. De Witt "it was of no importance, but a matter of form." Mrs. De Witt then, without reading, signed the instrument simply "De Witt." It turned out to be a so-called lease or contract of conditional sale, providing for interest on deferred payments at ten per cent per annum. The purchase was made in 1886. The final payment of the $250 was made, according to some witnesses, in 1888; according to the testimony of the plaintiffs early in 1889. This suit was not instituted until March, 1893, plaintiffs claiming merely that about $28 of interest remained unpaid. It is elementary that where a contract is reduced to writing, parol evidence is not admissible to contradict it or vary its terms. It is also true that a party cannot generally avoid the effect of a written contract by showing that he signed it without reading it or in ignorance of its terms, but he may avoid it for fraud. The general rule

referred to is not applicable in a suit between the original parties to the contract where the defense is that the writing by reason of fraud does not embrace the contract actually made. (*Ward v. Spelts*, 39 Neb., 809; *Cole Bros. v. Williams*, 12 Neb., 440; *Aultman v. Finch*, 36 Neb., 680.) Pauline De Witt claims under a transfer from her brother, and while there is no evidence that this was a transfer for a valuable consideration, and she obtained no greater rights than her brother, she stands in privity with him and her rights are as great as his would be. In the light of the authorities cited we conceive the rule to be that where a party, to induce another to sign a contract which the other does not read, practices any misrepresentation or artifice in order to prevent a reading of the contract and secure its execution, relief may be had on the ground of fraud. The testimony on the part of the intervenor tends to show that the plaintiffs, after a complete oral contract, represented to Mrs. De Witt that the document handed to her for signature was of no importance, but merely a matter of form. This might not be sufficient in a case between two men of affairs to excuse a critical examination of the instrument, but the fact that the representation was made to a woman, probably unused to business transactions, in the course of as ordinary an event as the purchase of chattels in a retail shop, was proper for the consideration of the jury, and whatever we might think of the case if originally proposed to us for solution, we think there was sufficient to go to the jury on an issue of fraud and sufficient to sustain a verdict. The further fact that the principal had been paid in full about four years before the plaintiffs undertook to assert any rights under the written contract was also a circumstance for consideration by the jury. The plaintiffs contend that in any event interest should be allowed on delinquent installments of the purchase money; that the evidence shows that all payments were not promptly made, and that there was therefore something due the plaintiffs by way of interest aside from the contract. But this argu-

ment disregards the fact that if the written contract was unenforceable, for fraud in its procurement, the contract made was the oral one for a sale of the piano, title passing to the vendee, and the remedy of the vendors was by action for interest, and not replevin for the piano.

It is assigned that "the court erred in permitting defendant to introduce evidence of the physical condition of Mrs. De Witt, mother of defendant." This assignment is evidently directed to certain evidence introduced to show that Mrs. De Witt was an invalid and unable to give her deposition, and it was probably offered on the theory that her testimony lying more properly in the control of the intervenor, and she being a principal actor in the transaction, a presumption against the intervenor would lie unless the failure to produce her as a witness was explained. We need not inquire into the admissibility of this evidence because the assignment of error as we have quoted it, is too indefinite for review. It does not call attention to any particular ruling of the trial court.

Complaint is made of the second instruction given by the court. In the motion for a new trial the assignment is made as to all the instructions of the court *en masse.* Under the familiar rule this assignment is bad if any of the instructions complained of be good. No complaint is made of any other.

AFFIRMED.