FRED STORY V. MAUD M. GAMMELL ET AL.

FILED APRIL 30, 1903.   No. 12,801.

1. Reformation of Contract. A written contract which, by mistake of the scrivener, fails to conform to the oral agreement made by the parties, will be reformed if the evidence clearly shows what the agreement was. *Silbar v. Ryder,* 63 Wis. 106.

2. Contract: FRAUD: MISTAKE. The rule, that the carelessness or negligence of a person in signing a written contract estops him from afterwards asserting that the writing does not truly express the agreement of the parties, does not apply in an action for relief on the ground that the contract was obtained by fraud or entered into by mutual mistake.

3. Conversion. If a person tortiously or fraudulently converts a chose

in action belonging to another, he may be compelled to respond for
its value in a common law action for damages.

ERROR to the district court for Burt county: CHARLES
T. DICKINSON, DISTRICT JUDGE.  *Reversed.*

*Willis G. Sears,* for plaintiff in error.

*H. Wade Gillis* and *Harrison Bowes, contra.*

AMES, C.

The petition alleges, in substance, that the plaintiff
purchased a tract of land of the defendants, paying a part
of the price therefor in cash, and for the residue thereof
agreeing to execute to the defendant Maud M. Gammell
his three negotiable promissory notes for $600 each, pay-
able, respectively, in one, two and three years, and bear-
ing interest at the rate of six per cent. per annum, and
secured by a mortgage on the lands, and that the parties
jointly made known to one Charles W. Conkling the
terms of the agreement, and employed him to prepare the
notes and conveyances for execution; that pursuant to
such employment the said Conkling did prepare the pa-
pers for execution, but in so doing, by mistake or inad-
vertence unknown both to himself and all the parties, the
obligations were made to bear interest at the rate of
ten per cent. per annum, and were executed by the plaintiff
and delivered to and accepted by the defendants in good
faith and without fraud, and in ignorance by all the
parties of the mistake, and in the belief that they ex-
pressed the real agreement between them; that shortly
afterwards, and before the notes, or any of them, or any
instalment of interest on them, became due, the defend-
ants discovered the mistake, but fraudulently concealed
the same from the plaintiff, and sold and indorsed the
notes to an innocent purchaser of them for value; that
plaintiff did not discover or learn of the mistake until
after the transfer had been made, and the first instalment
of interest had become due, which he was called upon to

pay and did pay to the indorsee; that by reason of these transactions, and of the facts that the land is of more than sufficient value to discharge the mortgaged debt and that the plaintiff is otherwise of sufficient pecuniary responsibility to pay the same, he has been damaged in a sum equal to the difference, in aggregate amount, between the interest accrued and to accrue upon the notes as stipulated therein and the interest that he would have been obligated to pay had the mistake not occurred; for which amount he prays judgment. To this petition the district court sustained a demurrer *ore tenus,* and dismissed the action. The plaintiff prosecutes error.

That the facts thus admitted disclose that the plaintiff has been greviously wronged can not be disputed, and that he is without remedy, unless it be that sought in this action, is equally clear.

In support of the judgment it is urged that the petition discloses that the parties executed the contracts without reading them, and it is contended that there is no right of recovery because of the general rule that a party will not be relieved from the consequences of his own negligence. We think, however, that this principle is not applicable to circumstances like those set forth in the petition, but rather to those cases in which the party not charged with the negligence was not misled as to the contents of the contract, and was innocent of fraud, so that to deprive him of his rights under the agreement would be, in effect, to punish him, not for any fault of his own, but because of the inattention or incompetence of the party with whom he had dealt. *Woodbridge v. DeWitt,* 51 Neb. 98.

The principle announced in *Ward v. Spelts & Klosterman,* 39 Neb. 809, that negligence in signing a contract without reading it will not deprive the injured party of redress if the person with whom he contracted was guilty of fraud in procuring the signature, and the rights of innocent persons have not intervened, is equally applicable to cases of mutual mistake. In either case one is

not permitted to enforce an obligation which he knew, at the time, that the party making it did not intend to enter into; or, in other words, is not allowed to use the writing as evidence of consent to a contract which he knows was in fact never given. It is equally as fraudulent to attempt to enforce a writing executed by mutual mistake in such manner as not to express the real agreement between the parties as it is to procure such a writing by deceit or circumvention. *Cole & Hart v. Williams,* 12 Neb. 440; *Aultman & Taylor Co. v. Finck,* 36 Neb. 680.

An objection that the plaintiff can not have relief because he can not prove the allegations without varying the terms of a written contract by parol is scarcely deserving of mention. It is obvious that if this rule was applicable to cases like the one at bar the jurisdiction of the courts to reform instruments because of fraud or mutual mistake would be entirely defeated. The one purpose of such actions is to contradict or vary the terms of a written agreement, and the evidence, in most cases, is mainly or wholly oral. One of the most frequent occasions for the exercise of this jurisdiction is the mistake of a scrivener in reducing the contract to writing, and the inadvertent signing of it by the parties. In order to prove the mistake it is indispensable to show by parol in what particulars the writing differs from the oral agreement. *Silbar v. Ryder,* 63 Wis. 106; *Green Bay & Mississippi Canal Co. v. Hewitt,* 62 Wis. 316; *Hartford & Salisbury Ore Co. v. Miller,* 41 Conn. 112; *Linton v. Unexcelled Fireworks Co.,* 128 N. Y. 672; *Nowlin v. Pyne,* 47 Ia. 293.

But finally it is said that suits for the reformation of contracts on account of fraud or mistake are of equitable cognizance only, and that the court is incompetent to deal with them in an action at the common law. Under the code this objection would be devoid of force in any event. The plaintiff, in his petition, has stated the facts entitling him to relief, and the court may refer the suit to whichever branch of its powers may be the more properly

adapted to deal with it. But it is said that a suit for reformation will not lie because the instruments have passed out of the hands of the payee into those of an innocent purchaser for value. To allow this objection would be to permit the defendants to gain an advantage by their own wrong, a thing which the courts never intentionally do. A court of equity, in such circumstances, would doubtless have power to decree compensation, but we think that if the defendants have fraudulently or tortiously deprived the plaintiff of a valid cause of action, they are liable to respond for its value in an action for damages at law. In such case they are guilty of the wrongful conversion of a chose in action.

It is recommended that the judgment of the district court be reversed, and a new trial granted.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.