MARDIS v. MILLER.*

(Circuit Court of Appeals, Eighth Circuit. April 3, 1917.)

No. 4775.

1. MASTER AND SERVANT ☞190(19)—FELLOW SERVANTS—DUTIES OF MASTER.
    Where defendant's foreman, knowing that a rope was defective, re-
fused a workman's request that he be permitted to use a new rope, which
was on the premises, and after cutting away the broken part of the old
rope told the workman to use it, defendant was liable for injury resulting
from the breaking of the rope, since, while the foreman and the work-
man were fellow servants as regarded the individual or personal negli-
gence of the foreman, it is the nondelegable duty of an employer to ex-
ercise reasonable care in providing reasonably safe working places and
working appliances, and if the duty is intrusted to an employé, the neg-
ligence of the employé in discharging it is attributable to the employer.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
469, 470.]

2. MASTER AND SERVANT ☞190(9)—APPLIANCES—PERFORMANCE OF DUTY.
    An employer did not discharge his duty of furnishing reasonably safe
appliances by causing a coil of new rope to be placed upon the work, where
the workmen were not allowed to use it, except by consent of their
foreman.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 456.]

3. CONTRACTS ☞94(4)—FRAUD—NEGLIGENCE IN SIGNING.
    The rule that one accepting an instrument or signing a contract, with-
out reading it or having it read, will not be heard to say that he was igno-
rant of its contents, does not apply, where an actual fraud has been com-
mitted and the signature obtained by misrepresentations.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 423.]

In Error to the District Court of the United States for the District
of Nebraska; Joseph W. Woodrough, Judge.

Action by Louis Miller against John C. Mardis. Judgment for
plaintiff, and defendant brings error. Affirmed.

Guy C. Kiddoo, of Omaha, Neb. (T. J. Mahoney and J. A. C. Ken-
nedy, both of Omaha, Neb., on the brief), for plaintiff in error.

Matthew Gering, of Plattsmouth, Neb. (Lloyd A. Magney, of Oma-
ha, Neb., on the brief), for defendant in error.

Before HOOK and STONE, Circuit Judges, and MUNGER, Dis-
trict Judge.

HOOK, Circuit Judge. Miller recovered a judgment against Mar-
dis for personal injuries sustained while in his service as a common
workman in the construction of a building at Omaha, Neb. An iron
column was being raised on the structure by means of a rope and der-
rick. The rope broke, the column fell, and the injury resulted. Mar-
dis, the defendant, lived in Iowa, and was engaged in the general con-
struction business. He had a manager, with general control of the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied July 9, 1917.

business in Nebraska, and a foreman, who had charge of the work on the particular building at Omaha, and authority to hire and discharge the workmen under him. Miller, the plaintiff, was under the foreman and subject to his orders. The rope that broke was defective, and the foreman knew it. He knew that one of the strands had broken shortly before in the same work. The plaintiff, who was working with the column, asked the foreman to use a part of a coil of new rope on the premises; but the latter cut away the broken part of the old rope, made a sling for the column from what remained, said it was good enough, and directed plaintiff to proceed with the use of it.

[1, 2] It is urged by defendant that he performed his duty as an employer when he caused the coil of new rope to be put upon the work for the workmen, that the foreman was a fellow servant of the plaintiff, and that the negligence, if any, was that of the foreman, for which there could be no recovery. Under the rule that prevails in the courts of the United States, the foreman and the plaintiff were undoubtedly fellow servants as regards the individual or personal negligence of the foreman. But that would not be so in respect of his negligence in the performance of a primary duty of the employer intrusted to him. Northern Pacific R. Co. v. Herbert, 116 U. S. 642, 6 Sup. Ct. 590, 29 L. Ed. 755. For example, had the injury to plaintiff been caused by the foreman's negligent manipulation or handling of the derrick, rope, or column, the negligence would have been that of a fellow servant, for which plaintiff would have had no recourse against their common employer. But an employer owes the duty to his employés to exercise reasonable care in providing a reasonably safe working place and working appliances, and, generally speaking, in keeping them so. That duty cannot be delegated, so as to relieve him from liability for its negligent performance. If the duty is intrusted to an employé, whether of high or low degree, the negligence of the employé in discharging it is not that of a fellow servant, but is attributable to the employer. The distinction, broadly stated, is between the furnishing of suitable working places and appliances on the one hand and the use of them on the other. The question of the liability of an employer for the act or omission of an employé turns more upon the character of the act or omission than upon the relations of the employés to each other. The question here resolves itself to this: Did defendant discharge his duty as an employer when he caused the coil of new rope to be placed upon the work, leaving it in the control of the foreman to determine when it should be used?

The duty of an employer is not a theoretical conception, but should be considered in its practical aspects and bearings. Had defendant caused the new rope to be put in a toolhouse and given his foreman the key, with instructions to issue it for use when necessary in his judgment, it could not reasonably be said it was available to the workmen according to their judgment of the needs. The case here is not different in principle. True, the new rope was there; but it was not there for the plaintiff, except at the will of the foreman, and when the latter spoke upon its use, his voice was the voice of the master. The mere

furnishing of the rope amounted to nothing, unless the workmen were allowed to use it when they deemed it necessary. A superior restraint upon its use, the interposition of the power of control, was a manifestation of the authority of the employer. The negligence of the foreman was not his negligence as a fellow servant, but was a failure properly to discharge a primary duty of the defendant. Counsel cite American Bridge Co. v. Seeds, 75 C. C. A. 407, 144 Fed. 605, 11 L. R. A. (N. S.) 1041, decided by this court. But that was a case in which it was held that the proximate cause of the accident was an inopportune signal of a foreman, and obviously it is not decisive here. In Vogel v. American Bridge Company, 180 N. Y. 373, 73 N. E. 1, 70 L. R. A. 725, a case very much like the one at bar, a contrary conclusion was reached by a divided court. We are unable to follow it. We do not think sufficient consideration was given to the nondelegable duties of the employer and the nature of the act of the foreman he put over the workmen. In that case, as in some others cited, we think the doctrine of fellow servant has been allowed to escape its proper bounds, and to nullify in some degree the well-recognized duties of an employer.

[3] The defendant set up in defense a written instrument of full settlement and satisfaction executed by the plaintiff. The latter replied that his signature to the writing was obtained by fraud and misrepresentations. He also averred that, while he could sign his name, he could not otherwise read or write. The evidence on the issue was conflicting, but we think the finding of the jury in favor of the plaintiff had sufficient support to sustain it on appeal. The defendant invokes the rule that, if one accepts an instrument or signs a contract without reading it or having it read to him, he will not be heard to say he was ignorant of its contents. But the rule does not apply where an actual fraud has been committed, and the signature obtained by misrepresentations. In this particular the case is governed by Great Northern R. Co. v. Kasischke, 43 C. C. A. 626, 104 Fed. 440. That case also holds that it is not necessary to go into a court of equity to get rid of the instrument, but that its invalidity may be asserted in the action at law. See also Gillespie v. Collier, 139 C. C. A. 534, 224 Fed. 298.

Several other contentions are made. We have considered them, but do not think they are sufficient to disturb the judgment.

The judgment is affirmed.