REILLEY BROTHERS, APPELLANT, V. DORIS THOMPSON ET AL., APPELLEES.

FILED OCTOBER 9, 1934. NO. 28948.

*Dryden, Dryden & Jensen,* for appellant.

*Minor & Minor, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and TEWELL, District Judge.

PER CURIAM.

This is an action of replevin, brought to recover possession of a Chevrolet coach. The jury found that the right of possession was in the defendant, Doris Thompson; that the value of the car was $400; that the interest of the defendant in the car was $207.50; and a judgment was entered in accordance with said verdict. Plaintiff appeals.

The plaintiff claimed the right of possession under a conditional sales contract in writing, made at Alton, Illinois, bearing date June 27, 1932. The defendant, Doris Thompson, alleged in her answer that she was induced to sign the contract through the fraud of plaintiff's agent, and for that reason elected to rescind, and had offered to return the automobile to plaintiff upon return to her of $207.50, paid on the purchase price of the car.

The evidence shows that the plaintiff, Reilley Brothers, was engaged in the business of selling automobiles at Alton, Illinois, and that, at the time of making the contract in question, it held a balance of $200 in money that had been paid to it for the purchase price of a used car that the plaintiff had sold for one Aldinger. On Sunday morning, June 26, 1932, Aldinger appeared at plaintiff's place of business with the defendant, and informed the plaintiff that the $200 held by it for him could be used by the defendant in the purchase of a new car. Negotiations between the plaintiff and defendant resulted in the auto-

mobile involved herein being delivered to the defendant that morning. A Mr. Martin paid the sum of $7.50 in cash for the defendant, and thereupon she received credit for the sum of $207.50 upon the purchase price of the automobile. The defendant agreed to pay the balance of the purchase price, including finance charges, by paying the sum of $38.20 each month for 12 months. Pencil notations of certain data to be used in filling out the blank spaces in a printed form prepared for use in making out a written conditional sales contract were made by plaintiff's agent upon a similar printed form, and the defendant signed one of these sales contracts in blank. On Monday, the next day, Miss Benecke, an office employee, filled out the blank spaces in the conditional sales contract, under which the plaintiff claims right of possession, above the defendant's signature, by using the pencil notations made by the salesman on Sunday.

The defendant testified that she had a sick sister in Kearney, Nebraska, and on Tuesday she left Alton for Nebraska in the car she had bought on Sunday.

The plaintiffs testified that defendant never informed them that she desired to take the car out of Illinois, and that she gave her address as 2221 College avenue, Alton, Illinois, and stated that she was an employee of the Alton State Hospital, and by an investigation they found she had left its employ some time before, and had left the street address given as her residence, and they could not find where she had gone, and turned it over to a finance company for investigation.

The defendant testified that she told the agent and Mr. Reilley that she was going to Nebraska, and the agent agreed to insert permission in the contract to that effect, which was not done, and Mr. Reilley absolutely denies any such conversation.

According to the defendant's testimony, an agent of some finance company called upon her before the first monthly payment of the unpaid portion of the purchase price became due, and demanded possession of the auto-

mobile on behalf of the plaintiff, and informed her that the finance company had refused to finance the purchase of the car by her. To this agent, she claims, she offered the car upon the payment to her of $207.50. Later she drove the automobile to Kearney, and turned it over to the law firm of Minor & Minor. This firm wrote the plaintiff a letter, dated July 27, or one month after the date of the purchase of the automobile for the defendant, and thereby informed the plaintiff of the whereabouts of the automobile. This letter requested the plaintiff to advise what disposition the plaintiff desired in the matter. After demand for and refusal of possession, this action was brought, and the automobile taken by the plaintiff under a writ of replevin.

The plaintiff bases its right to recover possession under a clause in the conditional sales contract to the effect that the defendant bound herself not to remove the automobile from the county in which she then resided, without the written consent of the plaintiff, under penalty of forfeiture of all right to possession of the car and the amount she had paid upon the purchase price.

Defendant first testified that the conditional sales contract was filled out by the agent, Mr. Temple; that she then asked him if the contract gave her the right to take the car to Nebraska, and Mr. Temple said "Yes," and that she then signed the contract, relying upon his statement that it was in accordance with the oral agreement they had just made, but later it developed that she was mistaken in this; that what really happened was that a form of the sales contract was partially filled out in pencil by Mr. Temple, and that then a form of the same contract, but in blank, was handed to her, and she signed her name to such blank contract; that this was on Sunday, and that on the following day the stenographer of Reilley Brothers, appellant, using the penciled form of contract which was not signed, proceeded to fill out the contract which she had signed in blank, and that is the contract, exhibit A, so that defendant first saw the contract, exhibit A, when

it was produced at the first hearing in the county court.

Instruction No. 7, which plaintiff insists is wrong, reads as follows: "You are instructed that if defendant satisfies you by a preponderance of the evidence that plaintiff and defendant made an oral agreement for the purchase of the car in question and that by the terms of said oral agreement defendant was to have credit for $200 due her on the sale of a former car and was to pay $7.50 additional and was to have a new car and was also to have the right to take said car to Nebraska, and that plaintiff was to finance the balance of $458.40 in twelve payments of $38 each, and if defendant further satisfies you by a preponderance of the evidence that plaintiff agreed to reduce said contract to writing and did present to defendant the conditional sales contract in question and falsely and fraudulently represented to defendant that said terms orally agreed to were in said conditional sales contract, and that defendant relied upon such representations and signed said contract and that said contract did not give the defendant the right to remove said car from the state of Illinois and that she upon discovery of such omission rescinded the sale and offered to release the car to plaintiff upon return to her of payments made, then your verdict must be for defendant."

While the instruction is open to slight criticism in its statement of the facts as they actually occurred, yet we do not believe such minor defects constitute reversible error.

"Where a party is induced to refrain from making an examination of a paper given him by another through misrepresentation as to its purport, it would be an extreme case that would warrant a court in holding that there was an assent to the contents of the document before such contents were in fact known." *Lotter v. Knospe,* 129 N. W. 614 (144 Wis. 426).

Our court has held: "A party is not chargeable with negligence in signing a contract that does not express the true intent of the parties, when there is nothing on the face of such contract from which an ordinarily prudent

man would reasonably be expected to discover a fraudulent misstatement of a material fact by the other party, who reduced such contract to writing." *Shurtleff v. Pick & Co.*, 103 Neb. 414. See, also, *Mardis v. Miller*, 241 Fed. (Neb.) 470.

It is elementary that, where a contract is reduced to writing, parol evidence is not admissible to contradict it, or vary its terms. It is also true that a party cannot generally avoid the effect of a written contract by showing that he signed it without reading it, or in ignorance of its terms, but he may avoid it for fraud. The general rule referred to is not applicable in a suit between the original parties to the contract where the defense is that the writing, by reason of fraud, does not embrace the contract actually made. *Ward v. Spelts & Klosterman*, 39 Neb. 809.

"The right to fill blanks in written instruments after execution and delivery is based upon an assumption of consent * * * and creates an agency in the receiver to do so in the way contemplated by the maker." *Montgomery v. Dresher*, 90 Neb. 632.

In Restatement, Contracts, by the American Law Institute, sec. 442, it provides: "Where a written contract, or a writing apparently intended to be a written contract when completed, contains blank spaces, and words authorized by one party thereto are inserted by the other in the spaces, the writing as altered is operative." And, again, in the same section: "A material, fraudulent, and unauthorized insertion in a blank space made by one party discharges any duty of the other party under the writing." And the converse is true.

In the case at bar, the jury have apparently determined that in filling in the blank contract signed by Miss Thompson the salesman fraudulently failed to keep a promise he made her to insert therein that she would be permitted to remove the automobile to Nebraska. Under the authorities cited, this in itself would discharge her from the contract, and require the plaintiff to place her

*in statu quo* by refunding the money she paid on the alleged oral contract. In this connection we are faced with the dilemma that, if the parties are placed *in statu quo,* then the plaintiff would have deposited with it the sum of $200, not payable in cash, but held to be applied on the purchase of a new car. This arises by reason of the fact that they sold a car for $400 and made no charge for the sale under the agreement that they would pay the owner $200 in cash and hold the balance to be applied on the purchase of a new car from them. We find that the judgment entered by Judge Hostetler provides: "That the defendant have the return of said car and her damages herein sustained in the amount of $10.08; that if said car cannot be returned, that the defendant have and recover óf and from the plaintiffs, the value of her interest in said car, to wit: The sum of $207.50 and her damages herein sustained in the amount of $10.08, and that the defendant have and recover of and from the plaintiffs the costs of this action at $63.75."

In case the plaintiff corporation has carefully stored this car, and can now return it to the defendant in accordance with this judgment, the question of the repayment of the $200 held by them will not arise, and in case they have disposed of the car, they will be required to pay this $200 in cash, and lose the chance of a new sale, which cannot seemingly be avoided under the judgment.

There was direct conflict in the evidence. The jury heard the testimony of Mr. Reilley and Mr. Temple, the salesman; they then found against the plaintiff company, and in favor of Miss Thompson, the defendant, on the issues joined and under the instructions of the court. The evidence might not impress the members of this court the same as it did the jury, but the verdict will stand, as there appears no prejudicial error in the record.

AFFIRMED.