LOYD WEST, APPELLANT, v. PAUL J. WEGNER, APPELLEE.

111 N. W. 2d 449

Filed November 10, 1961. No. 35044.

*Roscoe L. Rice* and *Frederick M. Deutsch,* for appellant.

*George F. Johnson, Arthur L. Burbridge,* and *Mark J. Ryan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is a suit upon an agreement guaranteeing the payment of a promissory note. The appellant, who was the plaintiff in the court below, was the payee of the note. The appellee was the defendant in the court below. The jury returned a verdict for the defendant. The plaintiff's motion for new trial was overruled and the plaintiff has appealed.

The following is a summary of the pleadings so far as is important to the disposition of this appeal: The petition alleged the execution of the guaranty agreement by the defendant at the time of the execution and delivery of the note by the makers and in consideration of the value evidenced thereby. The answer contained a general denial and alleged that the guaranty agreement was attached to the note at the request of the plaintiff and not the makers; that there was no con-

sideration for the execution of the guaranty agreement; and that the defendant's signature to the guaranty agreement was obtained by the fraud of the plaintiff in representing to the defendant that he was merely signing as a witness. The reply alleged that the defendant was mature, was able to read and write, and was estopped to deny that he understood the meaning of the guaranty agreement at the time he signed it.

The question presented by the appeal is whether the evidence is sufficient to support the verdict and judgment for the defendant. In determining the sufficiency of the evidence to sustain a verdict it must be considered most favorably to the successful party, any controverted fact resolved in his favor, and he must have the benefit of inferences reasonably deducible from it. Graves v. Bednar, 171 Neb. 499, 107 N. W. 2d 12.

The defendant is 64 years of age. He is engaged in a general insurance business in Creighton, Nebraska. From 1919 to 1945 he was in the automobile business in Creighton, Nebraska.

The defendant is the father of Fredrick P. Wegner. In April 1954, Fredrick P. Wegner and his wife, Ferol H. Wegner, entered into a contract to purchase a lumberyard at Bonesteel, South Dakota, from the plaintiff. The contract did not include the inventory but provided that it would be the subject of future negotiation and possible agreement between the parties.

In July the defendant went to Bonesteel and helped his son in the lumberyard where the inventory was being taken. After the inventory had been extended it was found to be much larger than Fredrick P. Wegner had anticipated. Fredrick P. Wegner and his wife were in doubt as to whether to go ahead with the deal and, on July 24, 1954, conferred with the plaintiff about the transaction. Late that afternoon they decided to go ahead with the purchase.

On the evening of July 24, 1954, the plaintiff came to the home of Fredrick P. Wegner. Fredrick P. Wegner

and his wife and children were there together with the defendant. After Fredrick P. Wegner and his wife had signed the note, the defendant was called into the room and the plaintiff asked the defendant to sign as a witness. The defendant then placed his signature on the back of the note on a blank line under the printed form of the guaranty agreement. The defendant knew that he was placing his signature on a promissory note but he did not read the instrument or ask anyone present to read it for him. The defendant can read and write but had left his glasses at home. While the defendant was in the room he asked the plaintiff about the rate of interest that the note bore and how much blue-sky there was in the deal.

The defendant also signed a guaranty agreement on the back of a second note. He recognized his signature but did not remember signing his name or when it was done. The defendant also signed as a witness to a supplemental agreement between the plaintiff and the defendant's son. Again he recognized his signature but did not remember signing his name or where or when it was done.

The plaintiff relies upon the rule that a party to a contract is not permitted to avoid the contract on the ground that he did not attend to its terms, that he did not read the document which he signed, that he supposed it was different in its terms, or that it was a mere form. Garsick v. Dehner, 145 Neb. 73, 15 N. W. 2d 235. But this rule does not apply where the controversy is between the parties and the execution of the instrument was induced by fraud.

The doctrine that the carelessness or negligence of a party in signing a writing estops him from afterwards disputing the contents of such writing is not applicable in a suit thereon between the original parties thereto when the defense is that such writing, by reason of fraud, does not embrace the contract actually made. Ward v. Spelts & Klosterman, 39 Neb. 809, 58 N. W. 426. See,

also, Reilley Bros. v. Thompson, 127 Neb. 683, 256 N. W. 642; J. I. Case Co. v. Hrubesky, 125 Neb. 588, 251 N. W. 169; New Omaha Thompson-Houston Electric Light Co. v. Rombold, 68 Neb. 54, 93 N. W. 966, reversed on other grounds on rehearing, 68 Neb. 71, 97 N. W. 1030; Story v. Gammell, 68 Neb. 709, 94 N. W. 982; Woodbridge v. DeWitt, 51 Neb. 98, 70 N. W. 506; Spelts & Klosterman v. Ward, 2 Neb. (Unoff.) 177, 96 N. W. 56; Aultman & Taylor Co. v. Finck, 36 Neb. 680, 54 N. W. 989; Cole Bros. & Hart v. Williams, 12 Neb. 440, 11 N. W. 875; First Nat. Bank of Omaha v. Lierman, 5 Neb. 247; Mardis v. Miller, 241 F. 470.

The following statement which is applicable here is from Cole Bros. & Hart v. Williams, *supra,* which was an action between the original parties in which fraud was alleged: "In one point of view the signing of a written instrument without reading it, because of the temporary loss of one's spectacles, where the use of another pair could have been procured without much effort, or in such case relying upon an interested party on the other side to read it, when one's own friends or employees were near at hand, would be regarded as negligence, and the want of due diligence, in case it turned out that the paper signed was of a different character and import from that purporting to have been read and intended to be signed. But in this case the defendants are in no position to suggest the carelessness or want of diligence on the part of the plaintiff in relying on the good faith and truthful reading of their agent, even had his eye-sight been perfect or his spectacles at hand."

Under all of the facts and circumstances in this case there was a jury question as to whether the defendant was induced to execute the guaranty agreement by the fraud of the plaintiff. The evidence is sufficient to support the verdict and judgment.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.