## SNYDER v. IVES.

1. **Equity:** MISTAKE IN DECREE AND SALE. In recording a decree which had been rendered for a foreclosure of mortgaged property and sale of the same, the clerk omitted to include a portion of the property described in the decree, and this omission was perpetuated in the execution and at the sale, at which the plaintiff's attorney bid off the property for the amount of the debt, supposing he was purchasing all that was embraced in the mortgage: *Held*, that the record of the judgment should be corrected to correspond with the decree rendered, and that the sale should be set aside and another sale made.

2. ———: NEGLIGENCE. Equity will refuse to correct a mistake on the ground of negligence, only when the party seeking relief is bound to make an inquiry, which would have enabled him to correct the mistake or obviate its consequences, and he negligently fails to make it.

3. **Statute of Limitations:** ORIGINAL NOTICE: ACTION. Where the original notice was not served until a month after the petition was filed, the court will presume that the notice was delivered to the sheriff at the time of filing the petition, with the intent that it be served immediately, and after that time the operation of the statute of limitations will be suspended.

*Appeal from Boone Circuit Court.*

THURSDAY, DECEMBER 16.

THE petition which was filed on the 2d day of December, 1873, in substance alleged that on the 3d of August, 1872, the defendant, J. M. Ives, executed and delivered to Wooster Ives a mortgage upon the west half of the east half of lots numbered four, five, six and seven, block numbered seventy-five, in the city of Boone, to secure a promissory note for the sum of $2,170.00.

That about the 5th day of December, 1872, plaintiff, in the Circuit Court of Boone county, recovered judgment upon said note against said S. M. Ives, for the sum of $2,176.67, and a decree of foreclosure of the mortgaged premises.

That the decree was filed with the clerk of the Circuit Court of Boone county for record, and a special execution was ordered out of the clerk's office for the sale of said mortgaged premises.

That in recording the decree the clerk omitted the west half of the east half of lot numbered seven, and in issuing execution the same mistake occurred.

That the sheriff, as he supposed, levied upon all the land described in the mortgage, and that S. R. Dyer, acting as the attorney of plaintiff, who was a resident of Fulton, Illinois, purchased said property for plaintiff, for the sum of $2,167.76, the amount of plaintiff's judgment, supposing that he was purchasing all of the property mortgaged.

That before the sale appraisers were appointed, who appraised the whole of the west half of the east half of lots four, five, six and seven, and the improvements thereon, consisting of a two-story frame building about seventy-five feet long and twenty feet wide, which constituted the principal value of said property.

That all of the property described in the mortgage amounts to but one lot in size, to-wit: twenty-five feet in width, and about one hundred feet in depth, upon which is situated a two-story wooden building, used for a store, which is about seventy-five feet long. That the part of lot numbered seven, which plaintiff supposed he had bought, is the part abutting upon the main street of the city, and that the front entrance of the building is situated upon the said part of lot number seven, and that as the sale of the premises now stands they are of little value, and plaintiff cannot use them for any purpose.

That the defendant, Thomas Main, is the owner and holder of a junior mortgage on the premises, and the defendant, J. M. Herman, is a judgment creditor, and that both were made parties to the foreclosure proceeding.

Plaintiff prays that he may be allowed to surrender for cancellation his sheriff's deed of the premises, that the sale be set aside, and that the clerk be directed to amend the decree so that the same will be in accord with the decree obtained by plaintiff, and that a re-sale of the premises be ordered.

Afterward plaintiff filed an amendment to the petition, alleging that since filing the original petition, plaintiff has been informed that H. Main has, or claims, an interest in said

premises, by virtue of an assignment of the mortgage owned by Thomas Main, and that said mortgage was assigned only for purposes of collection. Plaintiff asks that the assignment, as to him, be adjudged void.

The answer denies the alleged mistake of the clerk in recording the decree; alleges that if plaintiff's attorneys were misled as to their rights it was through gross negligence, and avers that the original notice shows the action was commenced on the 3d day of January, 1874, and that the action is barred by the statute of limitations. The defendant, H. Main, alleges that he purchased the interest of Thomas Main for a valuable consideration and that he is now the owner thereof.

Upon the motion of S. M. Ives, the cause, as to him, was trasferred to the District Court of Boone county.

The cause being submitted as to the other defendants, the court ordered that the sale be set aside, and a new sale had under the former decree. The defendants appeal.

*Holmes & Reynolds*, and *E. J. Goode*, for appellant.

The mere holder of a promissory note, who has no interest in it, cannot maintain an action upon it. (10 How. Pr. 233.) Where there is no indorsement, the burden is upon the plaintiff to show that he is the owner of the note. (9 Barb., 214; Edwards on Notes and Bills, § 251.) Notice of facts to an agent is constructive notice to the principal where they are connected with the subject matter of the agency. (Story on Agency, § 140.) Chancery will dismiss a bill without prejudice for gross neglect and delay on the part of plaintiff. (*McDonell v. Logsden*, 3 Bibb., 239; see, also, *Foot v. Foot*, Root, 308; *Bedell v. Keethley*, 5 Man., 603.) Equity will not assist one whose condition is due to a want of proper and reasonable diligence. (Kerr on Fraud and Mistake, p. 407; *Western R. Co. v. Babcock*, 8 Met., 346; *Demain v. P. & C. R. Co.*, 5 R. I., 130.) Where the means of inquiry are equally open to both parties, no relief will be granted from the consequences of a mistake occurring without fraud or falsehood.

(*Daniel v. Mitchell*, 1 Story, 172; *Hill v. Bush*, 19 Ark., 522.) In general, a party coming into a court of equity for relief is bound to show that his title to relief is unmixed with gross misconduct, or negligence of himself or agents. (1 Story's Eq. Jur., § 105, note 5; *Ins. Co. v. Hodgson*, 7 Cranch, 336.) The infringement of a legal right, unattended by any positive injury, furnishes no ground for substantial relief. (Sedg. on Dam., 5 ed., p. 28; *Paul v. Slason*, 22 Vt., 231.) The rule of *caveat emptor* applies to judicial sales of real property. (The *Monte Allegre*, 9 Wheat., 616; Rorer on Jud. Sales, § 459, and cases cited; *Vandever v. Baker*, 13 Pa. St., 126.) No error or irregularity will affect the validity of the sale. (Rorer on Jud. Sales, § 75.)

*Webb & Dyer*, and *J. M. Ellwood*, for appellee.

Equity will interfere to correct mistakes in judgments and other matters of record, injurious to the rights of the parties. (1 Story's Eq. Jur., § 166; *Barnsley v. Powell*, 1 Vesey, 119, 289; *Pigott v. Aldrichs*, 3 Greene, 427; *Roberts v. Taliafero*, 7 Iowa, 111; *Partridge v. Harrow*, 27 Id., 96.) Courts of equity will correct mistakes in sheriffs' deeds conveying property sold at judicial sales. (*Roberts v. Taliafero, supra;* *Ehlesinger v. Moriarty*, 15 Id., 78.) This court has held that a satisfaction of a mortgage by a mortgagee may be set aside in equity if made through mistake, on application of the mortgagee. (*Bruce v. Nelson*, 35 Id., 157.) Equity may set aside sales on execution for mistakes or irregularities of officers conducting the sale. (Rorer on Jud. Sales, § § 862–4; *Hamilton v. Burch*, 28 Ind., 233; *Abbey v. Dewey*, 25 Pa. St., 416; *Miller v. Culville*, 21 Iowa, 135.) A court upon whose judgment the execution issued has full power to set aside an execution sale, whenever justice and fair dealing demand it, and award a re-sale or issue execution anew at discretion. (Rorer on Jud. Sales, p. 287; *Jones v. R. R. Co.*, 32 N. H., 544; *Reed v. Diven*, 7 Ind., 189; *Cummings Appeal*, 23 Pa. St., 509.) The mistake of the clerk in computing the amount of the judgment may be corrected and the amount

increased by proceedings in equity, even after appeal and affirmance. (*Partridge v. Harrow,* 27 Iowa, 96.) So the mistake of an attorney in computing the amount of the judgment would not constitute negligence placing the injured party beyond equitable relief. (*Barthell v. Roderick,* 34 Iowa, 517.) If one has a remedy at law, or in equity, and a new affirmative remedy is given by statute, he may avail himself of either. (*Alney v. Harris,* 5 Johns., 175.)

DAY, J.—The evidence, by a very fair preponderance, establishes the following facts:

The property mortgaged is the east half of the east half of lots numbered four, five, six and seven. This mortgage was foreclosed as to all of the property described therein. A decree of foreclosure was prepared by plaintiff's attorney, in which lot seven was at first omitted, but the mistake was immediately discovered, and the lot was inserted by interlineation. This decree was signed by the judge, and was handed to the clerk to be entered on the records of the court. In recording the decree the clerk by mistake omitted said lot seven. When the execution issued the same mistake occurred. The portion of the four lots described in the mortgage is twenty-five feet wide and one hundred feet long, the only frontal upon any street being the portion of lot seven referred to in the mortgage. Upon these lots, and constituting their principal value, is a two-story frame building intended for a store, one-third of which stands upon the west half of the east half of lot seven. In making the levy and sale the sheriff supposed he was levying upon and selling the Ives property, embracing the whole of the building, and Dyer, who bid the property in at the sheriff's sale for plaintiff, supposed he was buying all of said property. The appraisers supposed they were appraising the whole property, including the entire building.

The rear two-thirds of the house, and the portions described of lots four, five and six, alone are of little value. The assignment of the mortgage from Thomas Main to H. Main is without consideration. The liens of defendants are junior to that of plaintiff, and none of the defendants have in any way

changed their position because of the mistake, or can be legally prejudiced by its correction.

But two objections interposed by defendants to the granting of the relief asked need be considered.

1. It is claimed that plaintiff cannot have relief because of the gross negligence of his attorney. That equity denies relief

1. EQUITY: mistake in decree and sale.

on the ground of mistake to the negligent, we admit. But this rule applies only when it is the duty of a party to make inquiry, and he chooses to omit the inquiry, which would have enabled him to correct the mistake or obviate its evil consequences. In this case the attorney of plaintiff drew a correct decree, and intrusted it to the proper officer to be recorded. He had a right to suppose that it would be correctly entered, and that the execution would follow the description of the decree.

While a high degree of care would have stimulated to an examination of the execution and of the decree, and whilst an attorney ought not, perhaps, to omit this precaution, in order that the interests of his clients may be fully protected, yet we cannot hold that an omission to do so is such culpable negligence as will deny to the client all relief upon the ground of mistake. If relief from the consequences of a mistake can be granted only when the highest degree of care has been exercised to avoid mistakes, such relief would be of very rare occurrence.

The law requires only reasonable diligence, and requires this to the end that culpable negligence may not be encouraged. See Story's Equity Jurisprudence, section 146 and cases cited.

2. Appellant further claims that this action is barred by section 3156 of the Code. Without determining that the remedy prescribed by this section is exclusive, we are of opinion that the record does not show that the action is barred, even under this section. The decree of foreclosure was rendered on the 5th day of December, 1872. The petition in this action was filed on the 2d day of December, 1873, two days before the lapse of a year. The answer alleges that the original notice was served on the 3d day of January, 1874

This allegation needs no reply, if the plaintiff relies simply upon the non-existence of the facts, and does not seek to avoid it by the existence of other facts. Code, section 2665. The abstract contains no proof of this allegation, and without proof we cannot assume the truth of the fact alleged. But, further, the appellant is in error in assuming that the *service* of the original notice is the commencement of the action. Section 2532 of the Code provides: "The delivery of the original notice to the sheriff of the proper county with intent that it be served immediately, which intent shall be presumed unless the contrary appears, or the actual service of that notice by another person, is a commencement of the action."

3. STATUTE OF LIMITATIONS: original notice: action. The answer does not allege when the original notice was delivered to the sheriff, nor that it was served by a person other than the sheriff, and we cannot presume, if it should even be admitted that it was served on the 3d of January, 1874, that it was not delivered to the sheriff at the time the petition was filed, with intent that it be immediately served.

The record does not show that the action is barred, even if it be governed by the provisions of section 3156.

The court did not err in granting plaintiff relief. In *Partridge & Co. v. Harrow*, 27 Iowa, 96, relief was granted from the effects of a like mistake of the clerk, under the general doctrines of equity, when it was clear that the action was not commenced within one year from the rendition of the judgment, and the cause had been appealed to the Supreme Court and there affirmed.

The relief granted by the court below should have gone further, and ordered a correction of the record of judgment, as prayed in the petition. Plaintiff may have a decree granting this additional relief in this court.

MODIFIED AND AFFIRMED.