[No 9814. Department Two.—April 17, 1888.]

METROPOLITAN LOAN ASSOCIATION, Respondent, v. OTTO ESCHE et al. CHARLES MEINECKE et al., Appellants.

Findings—Evidence—Judgment.—Where there is evidence tending to support a particular finding, the judgment will not be reversed on the ground that the finding is unsupported by the evidence.

Reformation—Mutual Mistake—Ignorance of Contents of Agreement—Omission to Read.—A written instrument executed by parties between whom there is no special relation of trust or confidence will not be reformed so as to omit a particular clause, on the ground that the same was inserted through the mutual mistake of the parties, when the party against whom the reformation is sought knew of the insertion of the clause at the time of the execution, and the party seeking the reformation might have known such fact had he read the instrument.

Sureties—Bond—Continuing Liability after First Term.—A bond executed by an official for the faithful performance of his duties during a particular term of office, and for any succeeding terms for which he might afterwards be elected, is presumptive evidence of a consideration for the undertaking of the sureties to be responsible after the expiration of the first term; and for a defalcation subsequently occurring, an action may be maintained against the sureties on the bond.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. F. Cowdery*, and *E. J. McCutchen*, for Appellants.

The bond should have been reformed on account of the mistake. (Civ. Code, secs. 1577, 1578; *De Jarnett* v.

*Cooper*, 9 Pac. C. L. J. 299; *Brown* v. *Lamphear*, 35 Vt. 252; *Allen* v. *Hammond*, 11 Pet. 71; *Farewell* v. *Coker*, 2 Mer. 352; *Gump's Appeal*, 65 Pa. St. 476; 1 Story's Eq. Jur., sec. 156.)

*Naphtaly, Freidenrich & Ackerman*, for Respondent.

BELCHER, C. C.—This action was brought to recover money misappropriated by Otto Esche, while acting as secretary of the plaintiff, and is based upon a bond given to secure the faithful performance of his duties. The defendants, Charles Meinecke and Henry Neilsen, were two of the three sureties on the bond. The court below gave judgment against Esche for the full amount claimed, and against Meinecke and Neilsen for their proportions of that amount.

Meinecke and Neilsen moved for a new trial, and have appealed from the judgment and order denying their motion.

The facts shown by the record are as follows:—

The plaintiff was organized as a corporation to make loans to its members for the purpose of aiding them in acquiring and improving real estate. By its by-laws the directors were required at their regular annual meeting, which was to be held on the first Monday of March in each year, to elect a secretary, and the secretary so elected was required to "give adequate security in such amount as the board may direct, for the faithful performance of his duties." The duties of the secretary were to keep precise minutes of all the proceedings of the association and board of directors, and to receive all moneys paid into the association, and pay the same to the treasurer, taking his receipt therefor, on or before the monthly meeting of the directors.

In March, 1875, the defendant, Otto Esche, was elected secretary, and a resolution was passed by the board "that the bond of the secretary, to be given as provided

by the by-laws, be fixed at seven thousand five hundred dollars in United States gold coin."

Esche gave a bond in the sum required, and the defendants, Meinecke and Neilsen, signed it as sureties. The condition of the bond reads as follows:—

"The condition of the foregoing obligation is such that if the said Otto Esche shall well and truly perform all and singular the duties of secretary of said association for and during his official term, and for and during any succeeding terms for which he may be hereafter elected," etc.

In April, 1875, Esche entered upon the discharge of his duties as secretary of the plaintiff, and he was annually re-elected thereafter and continued to act as such secretary until March, 1883, but never gave a new bond.

In 1878, a question arose before the board as to whether Esche had misappropriated $1,225, money which had been paid to him for the association. He admitted that he received the money, but claimed that he received it in small parcels, and within the time allowed him to do so deposited the parcels in bank to the credit of the treasurer. The treasurer denied that the money was placed to his credit, or ever came into his hands. Subsequently, the matter was referred for consideration to a general meeting of the stockholders, and after some investigation Esche was fully exonerated by them from all liability or blame.

In 1881, Esche misappropriated four thousand three hundred dollars of the association's money, but the fact that he had misappropriated it was not known until early in 1883. Shortly after the misappropriation was discovered demand was made that the sureties on his bond make good the loss, and the demand being refused, this action was commenced.

In their answer to the complaint the appellants alleged that prior to the defalcation for which they are sought to be held liable, Esche became indebted to the plaintiff

in the sum of $1,225, for money which he had received and misappropriated while acting as its secretary, and that the plaintiff, knowing these facts, released him from payment of that indebtedness and again re-elected him its secretary; that the plaintiff failed and neglected to notify them of the misappropriation or release, and that they had no notice or information thereof until about the month of March, 1883; that if they had had such notice they would have withdrawn from the bond before the misappropriation of the four thousand three hundred dollars occurred; and that the release and the neglect on the part of plaintiff to notify them thereof operated to release them from any subsequently accruing liability on the bond.

And they further, by way of cross-complaint, alleged that the words "and for and during any succeeding terms for which he may be hereafter elected," which are found in the bond, were inserted therein by the mistake of both plaintiff and defendants; that when the bond was given it was the intention of plaintiff and all the parties thereto that it should only bind the sureties thereon during the term of office ending in March, 1876; that when the bond was executed it was presented to them by Esche, and they were requested to sign it as his sureties, and they thereupon did sign it, without reading and without any knowledge of its contents, except that before signing Esche informed them that the plaintiff's by-laws required the secretary to give security, and that the bond was nothing more than an agreement on their part to be sureties for him for and during the ensuing year; that they first learned, on or about the twenty-third day of March, 1883, that the words extending their liability were in the bond, and they were informed and believed that the plaintiff on or about the same date first learned of that fact. They therefore prayed that the bond be reformed by striking out the words " and

for and during any succeeding terms for which he may be hereafter elected."

1. The court below found, as to the alleged "shortage" of $1,225, that Esche did not misappropriate that sum of money or any part thereof, and that, prior to the misappropriation of the $4,300, he was not indebted to the plaintiff in any sum of money whatever. There was testimony tending to support the finding, and it is unnecessary, therefore, to consider what would have been the effect of a different finding. Under the well-settled rule in such cases, the judgment cannot be reversed on this ground.

2. The court also found that the words in the bond, which appellants asked to have stricken out, were not inserted therein by the mistake of both plaintiff and defendants; that plaintiff well knew when it received the bond that those words were in it, and had so known ever since; and that when the bond was given it was not the intention of plaintiff or of all the parties thereto that it should bind the sureties thereon only during the term of Esche as secretary, ending in March, 1876.

There was testimony to support this finding. The bond was drawn by the attorney, and when signed, was approved by the president of the association. It was delivered to Esche to procure sureties, and he procured the appellants to sign it. Esche testified that he said nothing about the contents of the bond to either Meinecke or Neilsen. Meinecke testified: "Esche showed me the bond and said I promised him to sign it. I said I supposed it was in the ordinary form of bond and that it was not necessary for me to read it. He said yes, so I signed the bond." Neilsen testified: "Esche brought the bond to me; did not have any conversation with him at the time I signed it."

In procuring appellants to sign the bond, Esche was not acting as the agent of plaintiff, but for himself. Appellants would have known the contents of the paper

if they had read it, as they should have done before signing, and there being no special relation of trust or confidence between the parties, they cannot claim exemption from liability because the bond contained a clause of which, in consequence of their own carelessness, they were ignorant at the time. (*Hawkins* v. *Hawkins*, 50 Cal. 558.)

3. It is contended for the appellants that there was no consideration for their undertaking to be responsible as sureties after the expiration of the first year. The point is not tenable. The action is based upon a written instrument, and "a written instrument is presumptive evidence of a consideration." "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it." (Civ. Code, secs. 1614, 1615.) No want of consideration was shown here. Actions upon similar bonds have been upheld in other courts. (*Middlesex Manufacturing Co.* v. *Lawrence*, 1 Allen, 339; *Lexington and West Cambridge R. R. Co.* v. *Elwell*, 8 Allen, 371; *Oswald* v. *Mayor of Berwick*, 5 H. L. Cas. 856.)

The other points do not require special notice.

We find nothing in the record calling for a reversal, and we therefore advise that the judgment and order be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT—For the reasons given in the foregoing opinion, the judgment and order are affirmed.