TROLL, Defendant in Error, v. SAUERBRUN et al.,
Plaintiffs in Error.

St. Louis Court of Appeals, October 17, 1905.

**MISTAKE: Cancelling Release of Mortgage: Negligence.** In an
action to cancel a release of a deed of trust made by mistake,
the holder of a junior incumbrance, made before the release,
who would not be prejudiced by the cancellation, can not de-
fend on the ground that the plaintiff negligently made the
release.

Appeal from St. Louis City Circuit Court.—*Hon.
O'Neill Ryan,* Judge.

AFFIRMED.

*Chester H. Krum* for plaintiffs in error.

*Henderson & Becker* for defendant in error.

Where a deed of trust has been discharged from the
record, through mistake, it may be restored in equity
and given its original priority as lien when the rights of
innocent parties will not be affected. Seiberling v. Tip-
ton, 113 Mo. 373; Christy v. Scott, 31 Mo. App. 337;
Bruse v. Nelson, 35 Iowa 157; Young v. Morgan, 89 Ill.
202; Stinson v. Pease, 53 Iowa 574; Morgan v. Ham-
mett, 23 Wis. 30; Barnes v. Mott, 64 N. Y. 397.

GOODE, J.—Prior to May 10, 1892, Frederick W.
Fout owned three lots in block 5 of Grand Addition to
the city of St. Louis. The three lots were Nos. 34, 35
and 36 of city block No. 3743 and had a frontage of
75 feet on the north line of Finney avenue and a depth
of 140 feet. On said May 10, 1892, Fout and his wife
gave a deed of trust on the three lots to James F. Brady
in trust to secure a bond to the Midland Building & Loan
Association for $6,000. On August 9, 1892, Fout and

his wife gave a deed of trust on the three lots to said Brady to secure a bond of $4,000 to said loan association. Subsequently, a portion of those bonds having been paid to the Midland Loan Association, James F. Brady as trustee released lot 34 from the liens of the two deeds of trust but left the liens standing on lots 35 and 36, and thereafter George Sauerbrun, the defendant, became the owner of the two bonds. Lot 34 having been thus cleared of incumbrances, Fout and wife, on November 18, 1892, executed a deed of trust on it to Edward H. Fisher to secure a promissory note of $4,000 and on April 3, 1893, executed another deed of trust on said lot to Otto Mersman, trustee, to secure a note for $1,000, and on October 24, 1895, executed a third deed of trust on said lot to James F. Brady, trustee, to secure a promissory note for $1,164, payable to the defendant Sauerbrun. When this last deed of trust was given lots 35 and 36 were still subject to the deeds of trust dated May 10, 1892, and August 9, 1892, and the bonds secured by them were both owned by Sauerbrun, who, therefore, held three deeds of trust in which Brady was trustee. Lot 34 was subject to the deeds of trust of November 18, 1892, and April 3, 1893. The notes secured by the two latter instruments were purchased from the holder by Henry Troll, father of William Troll, the plaintiff. When those notes fell due Fout was unable to pay them; so he and his wife executed a quit claim deed to Henry Troll, November 14, 1895, conveying to said Troll the three lots, 34, 35 and 36. The effect of this conveyance was to put the title to lots 35 and 36 in Troll, subject to the two deeds of trust dated May 10, 1892, and August 9, 1892, and put the title to lot 34 in him subject to two deeds of trust held by him, to-wit, those dated November 18, 1892, and April 3, 1893, and subject to the third deed of trust in which Sauerbrun was beneficiary, dated October 24, 1895. Thereafter, on January 4, 1896, the deed of trust dated May 10, 1892, was foreclosed by a sale and the two lots

covered by it, to-wit, lots 35 and 36, were purchased by Sauerbrun for $10,180, which is alleged to have been sufficient money to discharge the balance due on the bonds secured by the two deeds of trust dated May 10, 1892, and August 9, 1892, and also the note secured by the deed of trust of October 24, 1895, which, if not discharged, was a lien on lot 34. James F. Brady was the trustee in all those deeds of trust and George Sauerbrun was the beneficiary at the time of the sale. Whether in fact Brady, the trustee, got money enough by the sale of lots 35 and 36 to pay, not only the bonds secured on them, which bonds Fout owed to Sauerbrun, but also to pay the note for $1,164 owed by Fout to Sauerbrun and a lien on lot 34, is immaterial to the decision of the present case. What is certain is that Henry Troll believed the deed of trust of October 24, 1895, on lot 34 had been satisfied and that said lot, which had been conveyed to him by Fout's quitclaim deed, was subject to no incumbrance except the two deeds of trust dated November 18, 1892, and April 3, 1893, the notes secured by which deeds he (Troll) owned. Under this impression Troll caused Edward H. Fisher, the trustee in the deed of November 18, 1892, to release the same on the margin of the record, thereby releasing the lien to secure the note for $4,000 described in said deed. This left the lot subject to the note for $1,000 secured by the deed of trust of April 3, 1893, and owned by Troll, and, apparently, subject to the deed of trust for $1,164 of October 24, 1895, held by Sauerbrun. In other words, the effect of the release was to give up Henry Troll's security on the lot for a debt of $4,000 and place Sauerbrun's later deed of October 24, 1895, as the second lien on the property, instead of the third. In March, 1902, with affairs in this posture, Henry Troll died and the title to lot 34 vested in his son William Troll, who is the owner of the note for $4,000, secured by the deed of trust of November 18, 1892, and of the note for $1,000, secured by deed of trust of April 3, 1893. When the suit was brought James F. Brady,

as trustee in the deed of trust of October 24, 1895, was, at the request of Sauerbrun, advertising lot 34, and the sale, if made, would pass the title to the lot to the purchaser, subject only to plaintiff's lien for $1,000 and relieved of the lien for his note of $4,000. Plaintiff, therefore, instituted the present action to cancel and annul the release of the deed of trust of November 18, 1892, on the ground that Henry Troll procured said release to be made by inadvertence or mistake, supposing at the time that he held the only liens on the property. The trial in the circuit court resulted in a decree for the plaintiff as prayed.

On the appeal it is assigned for error that certain statements made by Henry Troll, now deceased, in his lifetime, tending to show he had said release executed by mistake, were admitted in evidence. Likely those statements were incompetent as self-serving declarations. Whether they were or not, the evidence conclusively shows that the release was due to inadvertence and mistake on the part of Henry Troll, he having no intention of surrendering his lien on the property in favor of the junior lien of Sauerbrun, but supposing at the time that Sauerbrun had no lien. It is not denied that Troll was under this impression when the release was made, but it is insisted that he was negligent and, therefore, not entitled to relief. His negligence did nobody but himself any harm and Sauerbrun cannot take advantage of it to have his subsequent deed of trust take the place of Troll's prior one and thus cause a loss to plaintiff. Such a result would be unconscionable. To reinstate the lien inadvertently released will not prejudice the rights of Sauerbrun in the slightest degree, but will leave him with the same security he enjoyed before that release was made. Troll was not culpably careless in making the mistake he did, considering the fact that there were so many deeds of trust with the same trustee. Any one was liable to get confused about them. It is not every degree of negligence which will

prevent a court of equity from granting relief in a case like this. It is said by a standard author that the best authorities lay down the rule that the neglect must amount to a violation of a positive legal duty; that even clearly established negligence will not be sufficient ground for refusing relief if the other party was not prejudiced thereby. [2 Pomeroy, Eq. Juris. (3 Ed.), sec. 856, citing U. S. Bank v. Bank of Ga., 10 Wheat. 333; Mayer v. Mayer, etc., 63 N. Y. 455; Snyder v. Ives, 42 Ia. 157.]

The decree is affirmed. All concur.