[Civ. No. S. C. 47. Second Appellate District, Division One.—February 3, 1937.]

## SOPHIE H. NELSON, Respondent, v. GRAHAM G. MEADVILLE, Appellant.

Perry F. Backus for Appellant.

Maynard Garrison for Respondent.

WHITE, J., *pro tem.*—Plaintiff was the owner of certain real property situated in the states of Wyoming and Colorado. On April 26, May 25, and November 15, 1933, plaintiff and defendant Graham G. Meadville executed four written

option agreements purporting to grant to the latter an option to purchase, lease, sell, or develop the property in question. The written instruments which were introduced in evidence, provided that the option should be for 25 years; but it was plaintiff's contention in her amended complaint and at the trial that she intended, understood, and believed that the options should be effective for only six months; that defendants knew plaintiff so intended and understood said agreements, but that the defendants, with intent to deceive the plaintiff, falsely and fraudulently represented to her that the agreements were to be in effect for only six months, but executed the instruments in question so that they provided for 25-year options instead of six months. During the trial, at the conclusion of plaintiff's case, the action was dismissed as to the defendant Mrs. Graham G. Meadville.

The court found that prior to and at the time of the execution of the agreements defendant represented to plaintiff that the agreements were to be in effect for only six months; that defendant dictated the instruments and provided therein for an option of 25 years' duration. The trial court also found that defendant failed to pay to plaintiff, as provided in said agreements, certain sums of money, and that there was a total lack of consideration; that said options were void and of no force or effect. Judgment was entered thereon in favor of plaintiff, decreeing that the instruments in question were void; that defendant was entitled to no rights thereunder; and that the instruments be canceled. From such judgment defendant Graham G. Meadville prosecutes this appeal.

■ The main contention of appellant is that because at the time the agreements were executed the respondent examined and read the documents before she signed them, that she inquired as to what the 25-year provision was for, and that she then signed the agreement, there could have been no mistake or fraud on defendant's part; and as the defendant testified at the trial that it was distinctly understood between himself and plaintiff that he was to have a 25-year option, there was no mutual mistake, no fraud, and consequently no ground for a court of equity to cancel and declare void the instruments in question. For the purpose of determining, however, whether the instruments expressed the intention of both parties thereto, or whether the inser-

tion of the 25-year option term therein was occasioned by mutual mistake or fraud on the part of appellant, the court was not bound to accept the statement of the defendant and his wife at the trial, nor was the trial court concluded by the fact that the plaintiff had examined and discussed the instruments before they were signed by her. If the court was satisfied from all the evidence at the trial that notwithstanding such examination and reading, the plaintiff did not then understand the terms of the instruments and was not aware that they provided for the 25 years' instead of six months' option, it was authorized to find that the agreements were accepted by plaintiff under a mistake in this particular. (*Sullivan* v. *Moorhead,* 99 Cal. 157, 160 [33 Pac. 796].) It has been frequently decided that the mere failure of a party to read an instrument with sufficient attention to perceive an error or defect in its contents will not prevent its reformation at the instance of the party who executes it thus carelessly. In *Wilson* v. *Moriarty,* 88 Cal. 207, 213 [26 Pac. 85], it was held that the neglect of the plaintiff, when a lease was read to her by the notary public, to pay sufficient attention to discover that it was for ten years instead of five years, as she supposed, was not sufficient to defeat her action for its reformation in that particular. There are many authorities from other states to the effect that a written contract will be corrected in equity, although the mistake was patent on the face of the document, and could have been discovered if read with attention. (*Albany C. S. I.* v. *Burdick,* 87 N. Y. 40, 46; *Story* v. *Gammell,* 68 Neb. 709 [94 N. W. 982]; *Andrews* v. *Gillespie,* 47 N. Y. 487; *San Antonio Nat. Bank* v. *McLane,* 96 Tex. 48 [70 S. W. 201]; *Kelley* v. *Ward,* 94 Tex. 289 [60 S. W. 311]; *Loyd* v. *Phillips,* 123 Wis. 627 [101 N. W. 1092]; *Taylor* v. *Glens Falls Ins. Co.,* 44 Fla. 273 [32 So. 887]; *Kilmer* v. *Smith,* 77 N. Y. 226 [33 Am. Rep. 613]; *Snyder* v. *Ives,* 42 Iowa, 157, 162.) That the mere failure of a party to read an instrument with sufficient attention to perceive an error or defect in its contents will not prevent its reformation, means no more than that when the cause of the failure is satisfactorily explained to the court of equity, that court will hold that explanation or excuse of the failure relieves from the charge of neglect of a legal duty within the meaning of section 1577 of the Civil Code. Section 3399 of the Civil

Code provides: "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value." The principles to guide the court in the matter of a revision are contained in section 3401 of the Civil Code, reading as follows: "In revising a written instrument, the court may inquire what the instrument was intended to mean, and what were intended to be its legal consequences, and is not confined to the inquiry what the language of the instrument was intended to be."

We have read the transcript of the testimony in the case before us and are of the opinion that if the trial court believed the testimony of plaintiff, it contained evidence of sufficient substantiality to warrant a finding that the plaintiff definitely understood that the first three options were binding for a period of six months only, and that the 25-year period was for the purpose of permitting the oil company to have a 25-year right in the land provided that it leased the same and commenced drilling operations thereon; or in any event, that plaintiff understood that defendant's interest or option in the land was limited to a period of six months. As to the fourth instrument we are of the opinion that there is sufficient evidence in the record, which, if believed by the trial court, justified the conclusion that respondent understood that appellant was to have the right to exercise that option and himself commence development of the land; but that it was only in the event he decided to accept the option and commence development that he was to have 25 years of interest; and that appellant never did accept such option nor commence development of the property.

Although the rule is that in order to justify a court in reforming, voiding or canceling an instrument on the ground of mistake or fraud, the proof of mistake or fraud must be clear, convincing, and satisfactory to the court, yet a mere conflict of testimony as to the mistake or fraud does not necessitate a denial of relief. (*Hutchinson* v. *Ainsworth*, 73 Cal. 452 [15 Pac. 82, 2 Am. St. Rep. 823]; *Wilson* v. *Moriarty*, *supra*; *Sullivan* v. *Moorhead*, *supra*.) And the decision of

the trial court upon such conflict of evidence is conclusive upon this court. (*Brison* v. *Brison*, 90 Cal. 323, 334 [27 Pac. 186].) The question of a mistake or fraud was the issue between the parties, and the trial court found, upon the conflict of evidence before it, that the instruments had been executed as the result of such mistake and fraud. We cannot say from the evidence in the record that the court was not justified in making such findings.

By reason of the foregoing, other points raised do not require discussion.

Judgment affirmed.

York, Acting P. J., and Doran, J., concurred.