Stephen KEMNA and Doreen
Kemna, Appellants,

v.

Pauline GRAVER and William
Graver, Respondents.

No. 43775.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 12, 1982.

Motion for Rehearing or to Transfer to
Supreme Court Denied Feb. 19, 1982.

Application to Transfer Denied
April 13, 1982.

Robert M. Fenlon, Mexico, for appellants.

G. Andy Runge, Mexico, for respondents.

CRIST, Judge.

This is an action to reform a deed through which plaintiff Stephen Kemna voluntarily (and inadvertently) conveyed to his sister, defendant Pauline Graver, a joint tenancy in his 240 acre farm in Audrain County, Missouri. Plaintiffs appeal from the judgment for defendants. We conclude the trial court erred in declaring and applying the law, and reverse and remand with instructions to reform the deed as prayed for by plaintiffs.

Stephen Kemna and his sister (hereafter plaintiff and defendant, respectively) are their mother's only children and heirs. Plaintiff became sole owner of the farm upon his mother's death in 1963, as some years earlier she had transferred the farm's ownership to her and plaintiff as joint tenants. With an aunt portending "trouble that would occur with lengthy court sessions" over the farm's disposition upon his death, plaintiff in 1963 requested his banker to transfer by deed an interest in the farm to defendant. Plaintiff contends and the trial court found the banker was instructed, in effect, to grant plaintiff a life estate in

the farm with a power to dispose of the fee, with a vested remainder to defendant defeasible on plaintiff's exercise of the power. What the banker drafted and recorded (using general warranty deed forms signed in blank by plaintiff) were, first, a deed from plaintiff to the banker as a straw party; and second, a deed from the banker to "Stephen Kemna and Pauline Graver as Joint Tennants [sic] with rights of survivorship." Defendant first learned she had acquired an interest in the farm a month later, in a confirming letter from plaintiff. But plaintiff did not learn how much he had given until 1976, when he tried unilaterally to sell the farm pursuant to the power he thought he had retained. Plaintiff commenced this action to reform the banker's deed to plaintiff and defendant when defendant refused to quitclaim to plaintiff the interest she acquired thereby.

■ The trial court concluded that "[p]laintiff's failure during this period of time to discover the legal significance of the language in the deed is * * * gross negligence and bars reformation of the deed in question." The flaw in the trial court's conclusion is the equation of plaintiff's neglect with negligence, gross or otherwise. The general rule, which this court recognized in *Troll v. Sauerbrun*, 114 Mo. App. 323, 89 S.W. 364, 365–66 (1905), is that neglect does not rise to negligence which may bar reformation of an instrument unless the act of neglect violates a positive legal duty owed defendant by plaintiff. And see: Annot., 81 A.L.R.2d 7, 19 (1962). Further, if plaintiff were negligent rather than just neglectful, we said in *Troll v. Sauerbrun*, 89 S.W. at 365–66:

> It is said by a standard author [see: 3 J. Pomeroy, *Equity Jurisprudence* § 856 b., at 341 (5th ed. 1941)] that the best authorities lay down the rule ... that even clearly established negligence will not be sufficient ground for refusing relief, if the other party was not prejudiced thereby.

And *see: New York Life Ins. Co. v. Gilbert*, 215 Mo.App. 201, 256 S.W. 148, 152 (1923); Comment, Reformation of Written Instruments in Missouri, 37 Mo.L.Rev. 54, 88 (1972). We know of no authority for imposing on plaintiff, as the donor in a voluntary conveyance, a positive legal duty to defendant donee to ascertain the legal significance of language in a deed of gift. Moreover, there is no evidence that defendant changed position at all or relied to her detriment on the purported gift, see: *Cameron State Bank v. Sloan*, 559 S.W.2d 564, 568 (Mo. App.1977), or that any right of a third party has intervened. *New York Life Ins. Co. v. Gilbert*, 256 S.W. at 152. We conclude the trial court erred in holding that reformation of the deed is barred by plaintiff's "gross negligence."

■ It is a well-settled general rule that equity will reform a voluntary instrument of conveyance at the suit of the donor when the instrument does not express the donor's intent in making the gift. Annot., 69 A.L.R. 423, 430 (1930); H. McClintock, Principles of Equity § 101, at 271 (2d ed. 1948); Comment, Gifts-Mistake-Rights of the Donor, Donee and Their Successors in Interest to Relief, 58 Mich.L.Rev. 90, 92 (1959); and see: *Phillips v. Cope*, 111 S.W.2d 81, 82 (Mo.1937). The extent of plaintiff's intended gift to defendant is evident in plaintiff's instructions to his banker. The trial court's finding with respect to those instructions is not questioned by defendants and is supported by substantial evidence. In the absence of any ground for denying reformation, we reverse and remand with instructions to reform the banker's deed to plaintiff and defendant as prayed for by plaintiffs.

Reversed and remanded.

REINHARD, P. J., and SNYDER, J., concur.